CHARLES MONROE COX V. STATE.

No. 24656. February 15, 1950.

State's Motion for Rehearing Denied March 22, 1950.

*William C. McDonald,* San Angelo, for appellant.

*W. W. Tupper,* County Attorney, and *Ralph Logan,* District Attorney, San Angelo, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for negligent homicide of the second degree; the punishment, eighteen months in jail.

Negligent homicide of the second degree is committed when the person guilty thereof is in the act of committing or attempting the commission of a misdemeanor. Art. 1239, P. C. and Art. 1240, P. C.

The misdemeanor here relied upon was the failure to observe and stop at a stop sign, which was alleged in the information in the following language: ". . . . . . and the said Charles Monroe Cox did then and there, while so driving and operating said motor vehicle, unlawfully fail to stop in obedience to a stop sign then and there erected at the entrance of Nineteenth Street into its intersection with the Robert Lee Highway . . ."

The sufficiency of such allegation to charge the commission by appellant of a violation of the law was challenged by a motion to quash.

In so far as the state law is concerned, the failure to obey stop signs on the public highways is made unlawful by Art. 827a, sec. 12, Vernon's P. C., which reads as follows: "The Department, with reference to State Highways under its jurisdiction, is hereby authorized to designate main traveled or through highways by erecting at the entrances thereto signs notifying drivers of vehicles to come to a full stop before entering or crossing any such highway; and whenever any such sign has been so erected, it shall be unlawful for the driver or operator of any vehicle to fail to stop in obedience thereto."

In its practical application this statute makes it unlawful for one to fail to obey stop signs only when the signs have been erected by the State Highway Department upon certain state highways under the jurisdiction of that department.

Obviously, in order to charge a violation of this statute these

essential elements must be alleged in the indictment or information. The information in this case does not so allege, and therefore fails to charge the commission by appellant of an unlawful act. Here, appellant's guilt could have been predicated upon facts showing that he failed to obey a stop sign without reference to who erected the sign or by what authority it was erected, which would not constitute a violation of the statute mentioned.

The information being fatally defective in the particular pointed out, the judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the court.

### ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The state, through its district and county attorneys, has filed a motion for rehearing in which it is suggested that we probably overlooked the provision in 6701-d, Section 73-b, Revised Civil Statute, which provides that the driver of a motor vehicle shall stop in obedience to a stop sign at an intersection where a stop sign is erected, although the highway entered is not a part of a through highway.

This section makes no provision as to the authority for placing the sign at a highway entrance or crossing. We believe that the effect of such a holding would be that any individual, whether authorized to do so or not, might place a stop sign at a highway intersection and that it would constitute a misdemeanor if the driver of a motor vehicle failed to respect it. Certainly the legislature had in mind that the law should apply when the sign was placed at the intersection by someone authorized by law to do so. Further discussion will not be necessary.

The state's motion for rehearing is overruled.