### FRANK SOILEAU V. STATE.

No. 25434. October 31, 1951.
Rehearing Denied December 19, 1951.

Hon. John Snell, Jr., Judge Presiding.

*John E. Cahoon,* and *King C. Haynie* (of counsel for appellant on appeal only), Houston, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Unlawful carrying a pistol is the offense; the punishment, one year in jail.

Patrolmen of the city of Houston, while patrolling the streets of said city, about 3:30 o'clock, a. m., saw appellant in his automobile drive through a red light upon a street of said city. They pursued and arrested appellant for the traffic violation. After his arrest, a search of the person of appellant revealed that he was carrying a pistol on his person.

Appellant did not testify as a witness in his own behalf, nor did he present any affirmative defensive testimony.

The contention here is that appellant was unlawfully arrested by the patrolmen and that the search of his person was unauthorized.

Under the provisions of the Uniform Act Regulating Traffic on the Highways (Art. 6701d, Vernon's Civil Statutes) it is a violation of state law for one to "disobey the instruction of any official traffic-control device placed in accordance with the provisions" of the act (Sec. 32). Also, the legislature has conferred upon the State Highway Commission the authority to place traffic-control devices "upon all state highways" (Sec. 30) and has conferred such control upon local authorities (cities) over public highways in their jurisdiction (Sec. 31). The right to arrest without warrant any person violating any provisions of the act is accorded by Sec. 153.

Appellant recognizes the foregoing provisions but insists that inasmuch as there is no showing here that the traffic-control device mentioned (red light) was not shown to have been erected, maintained, or controlled by the city of Houston or the Highway Commission, the state has not shown appellant guilty of the traffic violation or of running a red light.

We are not here dealing with the question of whether appellant was in fact guilty of such violation; all the requirement necessary for the officers to make the arrest was the existence of probable cause authorizing the belief that the traffic offense had been committed. According to the undisputed testimony, the patrolmen were authorized to so conclude and therefore to make the arrest.

It is now deemed axiomatic that a lawful arrest carries with it the right to search the person of the accused.

Believing the testimony as to the finding of the pistol upon

appellant's person was admissible, the judgment of the trial court is affirmed.

Opinion approved by the court.

ON MOTION FOR REHEARING.

MORRISON, Judge.

The appellant presents a forceful argument on rehearing in which he contends that the arrest was not shown to have been a legal one because the evidence fails to disclose that the city of Houston had authorized the erection of the traffic control device in question.

We have concluded that when the legislature enacted Article 6701(d), R. C. S., which is the "Uniform Act Regulating Traffic on Highways," the power to arrest without a warrant conferred on peace officers by Article 212, C. C. P., was expanded by Section 153 of Article 6701(d), R. C. S., so as to authorize an arrest without a warrant when a violation of any provision of such Article 6701(d), R. C. S., is committed in the presence of a peace officer. We hold, further, that the presence of a traffic-control device upon any highway may be relied upon by an officer making the arrest for failure to heed it unless he knows at the time that it was not placed there by constituted authority. Judge Hutcheson, in United States v. Rembert, 284 F. 996, ably expressed the Federal rule when he said: ". . . . it is not essential that, in making an arrest without a warrant, the officer must absolutely know that an offense is being committed; he must believe it is being committed, and must believe upon the evidence of his own senses in the case of a misdemeanor, and in the case of a felony upon credible evidence of other persons." However, a prosecution for failure to heed a traffic-control device must have as an integral element thereof proof that the traffic control device was legally there. An officer may in certain cases make a legal arrest on probable cause, yet the arrested party cannot be convicted on probable cause alone.

This conclusion is sustained by what we said in Cox v. State, 154 Tex. Cr. R. 404, 227 S. W. (2d) 556, where we were dealing with the substantive crime growing out of a violation of the Code rather than the legality of an arrest by an officer who saw such violation occur.

Appellant's motion for rehearing is overruled.