Marion Alexander CHANEY, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 43472.

Court of Criminal Appeals of Texas.

March 17, 1971.

Reed Ingalsbe, Abilene, for appellant.

Ed Paynter, Dist. Atty., Joe L. Guyton and Britt Thurman, Asst. Dist. Attys., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for negligent homicide in the second degree. After a verdict of guilty the punishment was assessed by the court at confinement in the county jail for three years.

The record reflects the charge grew out of a collision between an automobile driven by the appellant and that of another on September 7, 1969, in the city of Abilene when the appellant failed to stop at a stop sign. A passenger in appellant's car was killed in the collision.

Appellant's first two grounds of error relate to the sufficiency of the complaint and information and the failure of the court to grant his motion to quash the information and his subsequent motion in arrest of judgment.

Appellant announced ready for trial, and the State had elicited testimony from three witnesses including the witness McKee when he filed the said motion to quash the information. Appellant contends the complaint and information failed to allege by what authority and by whom the stop sign was erected at which he was alleged to have failed to stop, thus omitting an "essential element" of the offense charged and failing to inform him of the charge against him so he might make adequate preparation for his defense. He relies upon Cox v. State, 154 Tex.Cr.R. 404, 227 S.W.2d 556.

In alleging the unlawful act required by the offense of negligent homicide, second degree, the instant complaint and information in the case at bar stated:

"* * * the defendant failed to stop the vehicle, which defendant was then and there driving, at a duly and legally authorized and existing traffic control sign which said traffic control sign, was then and there legally and duly placed and located at and near the southwest corner of said intersection, and which said duly and legally placed and located stop sign required all vehicles, such as the defendant was then and there driving, to stop prior to entering into said intersection * * *."

The witness Al McKee, the resident maintenance engineer for the Texas Highway Department, testified that the intersection in question was maintained by the Texas Highway Department; that such agency had authority to erect stop signs at intersections it maintains, and the stop sign in question had been duly authorized by such agency at the intersection in question and was there on the date of the alleged offense. He also related the reflective type stop signs had been at such intersection for a period of five years and another type of stop sign had been utilized at that location for the preceding fifteen years.

In Cox v. State, supra, cited by the appellant, this court reversed and dismissed the prosecution due to insufficiency of the

allegations in the information. The information there read in part:

" * * * and the said Charles Monroe Cox did then and there, while so driving and operating said motor vehicle, unlawfully fail to stop in obedience to a stop sign then and there erected at the entrance of Nineteenth Street into its intersection with the Robert Lee Highway. * * * "

There this court based its decision on the very practical consideration that anyone could have erected the stop sign alleged and a person could be guilty upon "facts showing that he failed to obey a stop sign without reference to who erected the sign or by what authority it was erected, which would not constitute a violation of the statute mentioned."

While in the case at bar the governmental agency who erected the stop sign is not alleged, it was alleged that the sign was "a duly and legally authorized and existing traffic control sign" which "was * * * legally and duly placed and located at * * * ", etc.

The form used appears to be in substantial compliance with the form set forth in Willson's Texas Criminal Forms Annotated, 7th Ed., Vol. 7, Sec. 1642.

In Littlefield v. State, 167 Tex.Cr.R. 443, 321 S.W.2d 79, the allegation in the information was also that the stop sign was "a duly and legally authorized and existing traffic control sign." While the issue there was whether the proof was sufficient to support such allegation, the judgment was affirmed without any mention that the information was defective.

■ We conclude that the allegations in the information were sufficient to apprize the appellant of the charge against him and to enable him to prepare his defense. The trial court did not err in overruling the motion to quash the information and the motion in arrest of judgment.

Grounds of error #1 and #2 are overruled.

■ Lastly, appellant urges the trial judge erred in considering for the purpose of assessing punishment the "prior criminal record" of a Marion Alexander Chaney, Jr., without proof that he (the appellant) was the same Marion Alexander Chaney, Jr., referred to in such records.

At the penalty stage of the trial before the court the prosecutor, without objection, asked the trial judge to take judicial notice of seven misdemeanor convictions of the appellant which had occurred in that very court only a few days prior to the instant case. Thereafter the prosecutor offered into evidence authenticated records reflecting five previous felony convictions of a person named Marion Alexander Chaney, Jr. Three of the felony convictions (burglary, forgery, and passing as true a forged instrument) were supported by duly authenticated records from the Texas Department of Corrections including photographs, fingerprints, certified copies of the judgments and sentences. Two of the felony convictions were for the subsequent offense of driving while intoxicated with the punishment assessed in each case at a fine and confinement in the county jail. Certified record evidence of such convictions was offered.

All of such record evidence was offered with appellant's counsel expressly stating "No objection." Thereafter the State did not call a fingerprint expert witness or any other witnesses to such convictions, but the following transpired:

"THE COURT: Mr. Ingalsbe (Defense Counsel), are you stipulating to all of these convictions, and that this is the same person that was convicted in these offenses that he has named?

"MR. INGALSBE: Well, to tell the Court the truth, I wasn't aware of all of these convictions. I do stipulate to them, as long as Mr. Chaney doesn't say that he isn't this person. I have no knowledge.

"THE COURT: All right.

**656**

"MR. INGALSBE: As far as I know, he is that person, and these are valid.

"THE COURT: You are not, I take it, offering any objection?

"MR. INGALSBE: No objection.

"THE COURT: No objection to the admissibility of all of the records that Mr. Barber has indicated here, as presented to the Court, and that they can be received into evidence, and included in the record of this case, to be forwarded on appeal to the Court of Criminal Appeals in Austin?

"MR. INGALSBE: Yes.

"THE COURT: All right."

The appellant contends that this court cannot dispose of the alleged error advanced on the ground that in a hearing before the trial judge it is presumed that he disregarded inadmissible evidence. This is so he urges because the evidence was admitted and the trial judge in assessing punishment told the appellant his record was "a bad one."

Appellant relies upon Vessels v. State, Tex.Cr.App., 432 S.W.2d 108, 116, where the court said the mere introduction of certified copies of the records was not sufficient "standing alone" to identify the accused as the person so formerly convicted. This is true and one of the reversible errors in Vessels was the failure of the State, in light of the objection made, to go further and show by independent evidence that the accused was the identical person convicted as reflected by the record evidence of such prior convictions.

In the instant case there was no objection and, further, the appellant's counsel agreed to stipulate that the appellant was one and the same person so previously convicted unless the appellant, who was present, said he was not the same person. No objection was offered personally by the appellant then or subsequently when the judge told him he had a "bad" record.

While it would have been more desirable for the trial judge to have required the appellant to join personally in the stipulation of his counsel and to have required the State to have gone further with its proof if he declined, we cannot conclude that reversible error is here reflected by the particular circumstances presented. The offer of the record evidence of the convictions without objection when taken in conjunction with the stipulation entered by his counsel in open court without his objection or protest was sufficient to authorize the trial judge's consideration of such evidence in assessing punishment.[1]

Ground of error #3 is overruled.

Finding no reversible error, the judgment is affirmed.

---

1. If there were reversible error under the circumstances, it would call for reversal only as to the penalty stage of the trial conducted before the trial judge.