**Ladon Kentrel KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–02–132–CR.**

Court of Appeals of Texas, Waco.

Jan. 21, 2004.

Phil Martinez, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice BILL VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

A jury convicted Ladon King of possession with intent to deliver cocaine, four grams or more but less than 200 grams. TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Vernon 2003). The trial court assessed punishment at life in prison. On appeal, King complains about (1) a *Batson* violation, (2) a police officer testifying as an expert about the sale and distribution of cocaine, and (3) the legal sufficiency of the evidence. We will affirm the judgment.

### Batson

■ It is constitutionally impermissible to exercise peremptory strikes on the basis of race. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). To raise a *Batson* challenge on the basis of race, the opponent of a peremptory strike must make a prima facie showing of the proponent's discriminatory use of the strike. *Purkett v. Elem*, 514 U.S. 765, 767, 115 S.Ct. 1769, 1770, 131 L.Ed.2d 834 (1995); *Emerson v. State*, 851 S.W.2d 269, 273 (Tex.Crim.App.1993). Once the opponent makes a prima facie showing, the proponent of the strike has the burden to provide a race-neutral explanation for the strike. *Purkett*, 514 U.S. at 767–68, 115 S.Ct. at 1770–71. If a race-neutral explanation is given, the opponent of the strike must prove purposeful racial discrimination. *Id.* The burden of persuasion regarding racial motivation never leaves the opponent of the strike; therefore, the race-neutral explanation given by the proponent of the strike is not required to be persuasive, but merely facially valid. *Id.*

■ A trial court's decision on whether the opponent has proved a *Batson* claim turns, in part, on observations made during the voir dire examination. As the supervisor of the voir dire process, the trial judge is in a position to readily perceive discrepancies during jury selection. *Young v. State*, 826 S.W.2d 141, 145 (Tex. Crim.App.1991). Therefore, the court's determination of a *Batson* issue must be accorded great deference on appeal. *See Chambers v. State*, 866 S.W.2d 9, 23 (Tex. Crim.App.1993). The court's finding that peremptory strikes were not racially motivated will be upheld on appeal if the finding is not "clearly erroneous" when viewed in the light most favorable to that ruling. *See Pondexter v. State*, 942 S.W.2d 577, 581 (Tex.Crim.App.1996). We have held that a decision is "clearly erroneous" if the review of the record leaves us with a firm and definite conviction that a mistake has been made. *Chiles v. State*, 57 S.W.3d 512, 516 (Tex.App.-Waco 2001, pet. dism'd-untimely filed).

King complains about the striking of three black venire members, Bailey, Walker, and Sheppard, whom the State struck with peremptory challenges. He says the record does not show race-neutral reasons for the strikes. Also, King points to venire member Kerr (presumably Caucasian) whose son, like Bailey's, had been convicted of a felony drug offense which might bias her. She was not struck.

■ Bailey had a son on probation for a felony drug offense involving marihuana. He had served thirty days in jail and was still on probation. Bailey said she thought his sentence was not justified because it was his first offense. She also said, however, that this would have no effect on her deliberations, and she could judge the case solely on the facts and the merits. The State points out that the Waco Police Department was the arresting agency in Bailey's son's case, as in King's, the court was the same in both cases, the conviction was recent, and Bailey did not think her son's sentence was justified. Kerr said, although she also had a son on probation for a drug offense involving amphetamines, it was twelve years ago, he had completed his probation, and she felt that he had been treated fairly. In addition, Kerr had served on another felony jury which had convicted the defendant. The State provided race-neutral reasons for striking Bailey, which King did not rebut. The trial court's ruling about the State's reasons for striking Bailey being race-neutral is not clearly erroneous.

■ The record shows that Walker had been arrested for driving under the influence in Hill County. He said the arrest was part of a scam being run by "wicked cops" in that county, and that he and others had been wrongly arrested and convicted. Although that was fifteen years ago, he thought there were still wicked cops, including in McLennan County. In addition, Walker did not complete his juror questionnaire, and he left blank that part in which he should have disclosed a prior felony conviction. Again, without rebuttal evidence, the trial court's ruling concerning Walker is not clearly erroneous.

■ Finally, Sheppard had three cousins from McLennan County who were convicted in federal court of cocaine offenses. He said he did not know if they were treated fairly. The prosecutor suspicioned, but could not prove, an association between the three cousins and King regarding cocaine offenses. The State also argued that Sheppard came to court with his shirttail out and was practically lying down in his chair, both of which indicated he did not have sufficient respect for the proceedings. There was no rebuttal evidence. We find that the trial court's ruling concerning Sheppard is not clearly erroneous.

We overrule issue one.

### Expert Testimony

■ The State called Officer Zacharias who testified that he did not observe any burn marks on King's lips and fingers; these burn marks are usually found on those who smoke crack cocaine. The inference is that the cocaine King had was for delivery, as charged, and not for personal use. Zacharias also testified that the amount and placement of the cash found on King, and the amount of drugs found, were consistent with King being a drug dealer, which is the opinion Zacharias formed. King objected that the State was using Zacharias as an expert on drug dealing, and that (1) Zacharias was not qualified as an expert, and (2) the field of "drug dealing" is not a legitimate field under Rule 702 which allows opinion testimony from qualified experts. TEX.R. EVID. 702. The trial court overruled this objection.

■ If evidence is admissible for any purpose, we will sustain the ruling even if that purpose was not asserted at trial and even if the court gave the wrong reason for admitting the evidence. *McDuff v. State*, 939 S.W.2d 607, 619 (Tex.Crim.App. 1997) (not asserted); *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990) (wrong reason).

We do not find that Zacharias's testimony falls under Rule 702. Rather, it falls

under Rule 701: "Opinion Testimony by Lay Witness: If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Tex.R. Evid. 701; *see also Roberson v. State*, 100 S.W.3d 36, 39 (Tex.App.-Waco 2002, pet. ref'd) (citing *Solomon v. State*, 49 S.W.3d 356, 364 (Tex.Crim.App.2001)). Zacharias had ten years experience as a police officer, for two years of which he had been on a neighborhood narcotics enforcement team. During these years he had many encounters with drug dealers and users. His testimony combined his actual knowledge as well as his lay opinion about facts in issue.

We overrule issue two.

### Legal Insufficiency of the Evidence

King asserts that the evidence is legally insufficient to support the jury's finding that he intended to deliver the cocaine. In reviewing a challenge to the legal sufficiency of the evidence, we do not weigh favorable and non-favorable evidence. *Margraves v. State*, 34 S.W.3d 912, 917 (Tex.Crim.App.2000) (citing *Cardenas v. State*, 30 S.W.3d 384 (Tex.Crim.App. 2000)). Rather, we view all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Burden v. State*, 55 S.W.3d 608, 612 (Tex. Crim.App.2001); *Lane v. State*, 933 S.W.2d 504, 507 (Tex.Crim.App.1996) (citing due process standard from *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

The evidence showed that officers stopped King's car because he ran a stop sign. King got out of the car, locked it, and quickly entered a building, ignoring the officers' instructions to halt. Officers followed King inside where he threw the car keys across the floor; officers retrieved them. King gave a fictitious name, and was ultimately arrested for various traffic-law violations and for evading detention. Officers searched King's car and found a rock of crack cocaine on the floorboard in front of the driver's seat, between where the driver's feet would normally be. Also, next to the transmission hump in the front floorboard on the driver's side, officers found a pill bottle with twenty-six rocks of crack cocaine. On King's person, officers found $508 distributed in four pockets in denominations of tens, twenties, and hundreds.

We find that, based on this evidence, a rational jury could have found beyond a reasonable doubt that King intended to deliver the cocaine. *Burden*, 55 S.W.3d at 612. We overrule issue three.

### Conclusion

Having overruled King's issues, we affirm the judgment.

Chief Justice TOM GRAY concurring.

TOM GRAY, Chief Justice, concurring.

I agree that the trial court's judgment should be affirmed.

I do not agree with the re-characterization of Zacharias's testimony from expert opinion testimony to lay opinion testimony.

This same re-characterization occurred in a previous opinion to which I dissented. *See Roberson v. State*, 100 S.W.3d 36, 45–46 (Tex.App.-Waco 2002, no pet.)(Gray, J., dissenting). But unlike *Roberson*, it is clear from the simple recitation of the officer's years of experience and training that he was qualified to give this opinion as an expert.

A lay witness can give an opinion regarding things that are within the type that the average person would form based upon first hand observations. This is commonly referred to as a shorthand-rendition-of-operative-facts. The speed of a car, the height of a tree, the distance between objects, etc. are the proper subject of lay opinion testimony. *See* Hulen D. Wendorf et al., TEXAS RULES OF EVIDENCE MANUAL, VII–3 & VII–8, (6th ed., Juris, 2002). But if a witness's personal observations are being joined with the witness's training and experience, training and experience that the average person does not possess, then the testimony being given is expert testimony and must be evaluated under rule 702. *See* TEX.R. EVID. 702.

Officer Zacharias's testimony based upon his personal observations was that King's lips and fingers were not burned. He also testified about the quantity of drugs found. And he testified about the amount of cash and the places that it was found in King's clothes. This was not opinion testimony at all. This testimony was all based upon Zacharias's personal knowledge obtained through personal observation of these facts.

Zacharias also testified that based upon his training and ten years of experience as a police officer, including two years on a neighborhood narcotics enforcement team, that these observations were consistent with King being a drug dealer and that the cocaine he possessed was for delivery, an element of the offense as charged, and not for personal use.

I was unaware that burn marks are usually found on the lips and fingers of those who smoke crack cocaine. I was unaware that drug dealers normally carry their money separated by denominations in different pockets. I was unaware of the amount of crack that is normally held for

personal use. So none of Zacharias's personal observations meant anything to me. I do not think my level of knowledge about these topics is unusually low. But it was Zacharias's testimony based upon his training and experience that these observations were converted from information that was meaningless, to opinion evidence helpful to decide a disputed issue of fact by the jury. This is the essence of expert testimony. Thus, Zacharias's testimony should be evaluated under rule of evidence 702, as expert testimony, and not as lay testimony, under rule 701. *See Morrow v. State*, 757 S.W.2d 484, 487–488 (Tex.App.-Houston [1st Dist.] 1988, pet. ref'd)("Evidence of a large quantity of cocaine seized (in the amount of 1,025 grams), coupled with a police officer's expert witness testimony as to the amount of cocaine a user would normally and customarily possess for personal use, is sufficient to show possession with intent to deliver.").

King contends that "[i]t was error for the court to allow the officer to give expert testimony on the sale and distribution of cocaine when the officer was not qualified as an expert." The qualification of an expert is a separate issue from reliability under rule 702. TEX.R. EVID. 702; *Helena Chemical Co. v. Wilkins*, 47 S.W.3d 486, 499 (Tex.2001). Zacharias's testimony established that he was qualified as an expert to give this expert testimony. Accordingly, his testimony was properly admitted. With this note, I concur only in the result.