Trever RObertson v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00283-CR
No. 10-02-00284-CR

     TREVER ROBERTSON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 02-089-CR
                                                                                                                

CONCURRING AND DISSENTING OPINION
                                                                                                                

      I concur in part and respectfully dissent in part.
      I concur in this Court’s judgments to the extent that they affirm the convictions. I write
separately in Cause No. 10-02-00284-CR to note that I find it curious that the majority ignores
the very recent intent-to-deliver cases decided by the Court. A survey of these cases shows
that the issue of intent to deliver is not nearly so close as the majority implies. See King v.
State, 129 S.W.3d 680 (Tex. App.—Waco 2004, no pet.); Bellard v. State, 101 S.W.3d 594
(Tex. App.—Waco 2003, pet. ref’d); Bethancourt-Rosales v. State, 50 S.W.3d 650 (Tex.
App.—Waco 2001, pet. ref’d).
      But I respectfully dissent from the Court’s judgment in Cause No. 10-02-00283-CR to the
extent that it reforms the trial court’s judgment to delete the deadly-weapon finding. If anyone
has any question that the knife at issue is a deadly weapon, all he or she needs to do is examine
it. Its length folded is 4 [3]∕16 inches. Its length open is 7 [3]∕16 inches, the blade being 3 inches
from hilt to tip. The knife is not a traditional pocketknife with a flat back on one side and one
sharp, curved side; rather, the blade is symmetrical and sharpened down both sides, coming to
a point in the centerline of the holding position of the handle. It would be defined as a
switchblade. See Tex. Pen. Code Ann. § 46.01(11)(A) (Vernon 2003). The blade is spring-loaded, and swings into an extended and locked position with the push of a button. The handle
is equipped with a clip in order that the knife can be attached to a belt or the lip of a pocket, in
order that the knife be easily accessible. The handle is also symmetrical, with a built-in swell
at the hilt to act as a guard, and the entire handle is coated in a rubberized, slip-resistant
material. The knife is classified by the Texas Penal Code as a “prohibited weapon.” See Tex.
Pen. Code Ann. § 46.05(a)(5) (Vernon Supp. 2004).
 

      Accordingly, I concur in the judgment in Cause No. 10-02-284-CR; and in Cause No. 10-02-283-CR, I concur in this Court’s judgment to the extent that it affirms the judgment of
conviction, and I respectfully dissent to the extent that this Court’s judgment reforms the
judgment of the trial court to delete the deadly-weapon finding.
 
                                                                   TOM GRAY
                                                                   Chief Justice

Concurring and dissenting opinion delivered and filed May 12, 2004
Publish
[CR25]