IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00422-CR

 

Floyd Ellis,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 04-05090-CRF-361

 



MEMORANDUM  Opinion



 








          A jury convicted Floyd Ellis of felony
driving while intoxicated and assessed punishment at sixty years’ imprisonment
based on two enhancements for prior convictions.  Ellis appeals on the sole
issue of a Batson violation in jury selection.  We will affirm.

It is constitutionally impermissible to exercise
peremptory strikes on the basis of race.  Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986); see also Tex.
Code Crim. Proc. Ann. art. 35.261 (Vernon 2006).  To raise a Batson
challenge, the defendant must make a prima facie showing of the State's
discriminatory use of the strike.  Purkett v. Elem, 514 U.S. 765, 767, 115 S. Ct. 1769, 1770, 131 L. Ed. 2d 834 (1995); Emerson v. State, 851 S.W.2d
269, 273 (Tex. Crim. App. 1993).  Once the defendant makes a prima facie
showing, the State has the burden to provide a race-neutral explanation.  Purkett,
514 U.S. at 767-68; 115 S. Ct. at 1770-71.  Then the defendant must prove
purposeful racial discrimination.  Id.  The burden of persuasion
regarding racial motivation never leaves the defendant; therefore, the
race-neutral explanation given by the State is not required to be persuasive,
but merely facially valid.  Id.

A trial court's decision on whether the defendant
has proven a Batson claim turns, in part, on observations made during
the voir dire examination.  Therefore, the court's determination of a Batson
issue must be accorded great deference on appeal.  King v. State, 129
S.W.3d 680, 682 (Tex. App.—Waco 2004, pet. ref’d).  The trial court's finding
that peremptory strikes were not racially motivated will be upheld on appeal if
the finding is not "clearly erroneous" when viewed in the light most
favorable to that ruling.  Gibson v. State, 144 S.W.3d 530, 534 (Tex. Crim. App. 2004).  A decision is "clearly erroneous" if a review of the
record leaves us with a firm and definite conviction that a mistake has been
made.  King, 129 S.W.3d at 682.  Though the United States Supreme
Court has revisited the type and amount of evidence required to prevail on a Batson
claim, it did not change the standard of review on direct appeal.  See Murphy
v. Dretke, 416 F.3d 427, 439 (5th Cir. 2005) (discussing Miller-El v.
Dretke, 545 U.S. 231, 125 S. Ct. 2317, 162 L. Ed. 2d 196 (2005)).

The venire for Ellis’s case included three African
Americans.  One was struck for cause.  The State used two of its ten peremptory
strikes to remove the remaining two African Americans from the venire.  Ellis
raised a Batson challenge at that time making a prima facie showing that
the State used its peremptory strikes on the basis of race.  The State
responded that it struck the two potential jurors because of their personal
experiences with alcohol and experiences with alcoholic family members.  The
State argued that the juror’s past experiences would cause them to be
sympathetic to Ellis.  Ellis attempted to rebut the State’s reasoning by
showing that similarly situated venire members were not struck by the State.

In evaluating the genuineness of State's
proffered race-neutral reasons, we may consider: (1) whether the reason given
is related to the facts of the case; (2) whether the State meaningfully
questioned the challenged venire member; (3) whether persons with the same or
similar characteristics as the challenged venire member were not struck; (4)
whether there was disparate examination of the members of the venire; and (5)
whether an explanation was based upon a group bias although the specific trait
is not shown to apply to the challenged juror.  Williams v. State, 804
S.W.2d 95, 105-06 (Tex. Crim. App. 1991).  The United States Supreme Court has emphasized
the importance of side-by-side analysis between jurors struck and those allowed
to serve, stating that this information was “more powerful” than statistics.   Miller-El,
545 U.S. at 241, 125 S. Ct. at 2325.

Ellis complains of the State using a peremptory
strike to remove black venire member Melba Wilson.  A second black venire
member was struck by the State, but Ellis does not challenge that strike.  Wilson stated in voir dire she had a brother who was an alcoholic and had been in prison
but had since reformed.  Also, Wilson admitted to having a drinking problem as
a young adult which prompted her to stop drinking entirely.

The State contends that, in choosing who to
strike, it drew a distinction between those who had personal problems with
alcohol, and those who had family members or friends with alcohol problems.  In
support the State points to three other venire members who were also struck
because each admitted to having had a drinking problem.  These four venire
members were the only potential jurors to make such an admission.

Ellis contends that four other venire members
like Wilson admitted to having a family member or friend with an alcohol
problem.  However, each of these potential jurors made some statement
indicating she could separate her experiences from the facts of Ellis’s case,
and none of the four admitted to having a personal problem with alcohol.

Ellis offers no further evidence that the
State’s reason for striking Wilson was not genuine.  A comparative analysis
between those struck and those allowed to serve is the most persuasive evidence
with regard to misuse of a jury strikes, and in this case, it shows that the State,
without regard for race, struck those jurors who admitted having a drinking
problem.  See Miller-El, 545 U.S. at 241, 125 S. Ct. at 2325.  We overrule Ellis’s sole issue and affirm the conviction.

                                                          FELIPE
REYNA

                                                          Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

          (Chief Justice Gray concurs in the judgment
without separate opinion)

Affirmed

Opinion delivered and
filed March 7, 2007

Do not publish

[CRPM]