**Opinion filed March 27, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00251-CR
_____

## MATTHEW SCOTT LOPEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 220th District Court**
**Comanche County, Texas**
**Trial Court Cause No. CR04695**

## M E M O R A N D U M   O P I N I O N

Appellant, Matthew Scott Lopez, entered an open plea of guilty to the second-degree felony offense of possession of a controlled substance—methamphetamine—in an amount of four grams or more but less than two hundred grams, and he was found guilty by the trial court. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West Supp. 2024). Appellant entered a plea of "true" to the enhancement allegation of a prior first-degree felony conviction for possession of a controlled substance in

a drug-free zone and, after finding the enhancement allegation to be "true," the trial court sentenced him to forty years imprisonment in the Correctional Institutions Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 12.42(b) (West 2019). In his sole issue on appeal, Appellant argues that the trial court erred by admitting the opinion testimony of a police officer during the punishment phase. We affirm.

*Factual and Procedural History*

Appellant waived his right to a jury trial and entered an open plea of guilty to the charged offense. The trial court accepted Appellant's guilty plea and proceeded to the punishment phase. During the punishment phase, Comanche Police Officer Heath Oakley testified and gave a brief overview of the facts surrounding Appellant's arrest and the vehicle inventory search that resulted in the discovery of the methamphetamine.

During the evening of December 25, 2022, Officer Oakley was on patrol when he stopped Appellant for a traffic violation. Officer Oakley testified that he had worked as a patrol officer approximately two and one-half years. He had some "1,200 hours certified Texas Commission on Law Enforcement hours, including the basic peace officer's course, as well as some advanced courses." Officer Oakley testified that, at the time of the traffic stop, Appellant did not have a valid driver's license or proof of insurance; having been advised by dispatch of a prior conviction of driving without a license, Officer Oakley placed Appellant under arrest. While conducting an inventory search on Appellant's vehicle, Officer Oakley found methamphetamine in the pocket of Appellant's jacket. It was later determined that the bag of methamphetamine weighed 25.54 grams.

Officer Oakley testified that after reading Appellant his *Miranda*[1] rights, which Appellant waived, he questioned Appellant about the methamphetamine. Appellant stated that it was for his personal use. Officer Oakley offered his opinion, objected to by Appellant's trial counsel, that Appellant possessed the methamphetamine for distribution because of the large quantity.[2] Appellant then told Officer Oakley that he found the methamphetamine underneath a house. Appellant's testimony was consistent with his prior statement to Officer Oakley that the methamphetamine was for his personal use and that he had found it underneath a house.

A copy of the lab report and three judgments—a first-degree felony conviction for possession of a controlled substance in a drug-free zone out of Brown County, a third-degree felony conviction for possession of a controlled substance in a drug-free zone out of Brown County, and a probation revocation on a second-degree conviction for burglary of a habitation out of Comanche County—were admitted into evidence.

The trial court found Appellant guilty, assessed his punishment at forty years' confinement, and sentenced him accordingly.

*Standard of Review*

Appellant argues in his sole issue on appeal that the trial court erred by admitting into evidence the opinion testimony of Officer Oakley. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v.*

---

[1]*Miranda v. Arizona*, 384 U.S. 436, 478–79 (1966).

[2]Officer Oakley's specific testimony that drew objections by Appellant's trial counsel was the following:

> [THE STATE]: What did you ask [Appellant]?
>
> [OFFICER OAKLEY]: I asked [Appellant] questions pertaining to the offense. I asked him where he got it. And due to the amount of the quantity, I believed that he was in possession of the methamphetamine for distributing.

*State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Ruiz v. State*, 631 S.W.3d 841, 855 (Tex. App.—Eastland 2021, pet. ref'd) (citing *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019)). We will not reverse a trial court's decision to admit or exclude evidence, and there is no abuse of discretion, unless that decision lies outside the zone of reasonable disagreement. *De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009); *Ruiz*, 631 S.W.3d at 856 (citing *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018)); *Barron v. State*, 630 S.W.3d 392, 410 (Tex. App.—Eastland 2021, pet. ref'd). The trial court has wide discretion to determine the admissibility of evidence at the punishment phase. *Henderson v. State*, 29 S.W.3d 616, 626 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). Moreover, when making a sentencing determination, the trial court is entitled to consider "any matter the court deems relevant to sentencing," including the circumstances of the offense. TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (West Supp. 2024).

*Analysis*

Appellant complains that the trial court erred by allowing, over his trial counsel's objections, Officer Oakley's opinion testimony that Appellant possessed the methamphetamine for distribution. Appellant's trial counsel objected because Appellant "wasn't charged with possession with intent to distribute at any point either way when he was arrested or when he was indicted." The State responded that, under Rule 701 of the Texas Rules of Evidence, Officer Oakley was allowed to give a lay opinion based upon his observations, training, and experience. Appellant's trial counsel then added that he also objected "on the grounds of speculation." He did not ask to question Officer Oakley on voir dire. After the trial court overruled Appellant's objections, the State asked Officer Oakley:

> [THE STATE]: I want to make sure I understand you right. You thought it was a dealer quantity?

4

[OFFICER OAKLEY]:  I did.

The State asked about follow-up questions that Officer Oakley propounded to Appellant, and he testified as follows:

> [OFFICER OAKLEY]:  I continued to push the narrative that I didn't believe him, and that a quantity such as that is not only deadly, but not one person can consume that.

When Officer Oakley asked Appellant about a methamphetamine dealer, Appellant claimed that "he just found [the methamphetamine] under the house."  Officer Oakley testified that "[i]n [his] training and experience in dealing with narcotics around Comanche County," it is not common to find methamphetamine under a house and that Appellant's story of how he came into possession of the methamphetamine struck him as "odd"—"very much so."  Appellant's trial counsel did not object to the State inquiring about these follow-up questions or to Officer Oakley's responses to them.  Appellant's trial counsel did not attempt to impeach Officer Oakley as to his experience, training, or opinions regarding his belief that Appellant possessed the methamphetamine with the intent to distribute it.  Nor did Appellant's trial counsel cross-examine Officer Oakley.

*The Objection to Officer Oakley's Opinion was not Preserved*

Appellant's complaint on appeal assumes that the alleged error was preserved by his trial counsel's objections, and that, because it was preserved and the evidence was improperly admitted, the trial court erred.  We disagree.

To preserve error on appeal, a party must make a timely request, objection, or motion "with sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a)(1)(A).  The objection at trial must correspond with the issue raised on appeal.  *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991).

5

Texas law requires a party to continue to object each time inadmissible evidence is offered at trial in order to preserve his arguments and complaints for appellate review. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *Arevalo v. State*, 675 S.W.3d 833, 845 (Tex. App.—Eastland 2023, no pet.); *Nicholls v. State*, 630 S.W.3d 443, 449 (Tex. App.—Eastland 2021, pet. ref'd) (citing *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004)). Otherwise, "[a]ny purported error in the admission of complained-of evidence is cured when the same or similar evidence is offered and admitted without objection elsewhere during [a]ppellant's trial." *Arevalo*, 675 S.W.3d at 846 (citing *Johnson v. State*, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990)); *Ruiz*, 631 S.W.3d at 864; *Nicholls*, 630 S.W.3d at 449 (citing *Valle*, 109 S.W.3d at 509). There are two exceptions to the duty to continue to object. Trial counsel must either "(1) obtain a running objection, or (2) request a hearing outside the presence of the jury." *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). The two exceptions are inapplicable here because Appellant's trial counsel did not request a running objection, and the underlying proceeding was a bench trial.

As we previously mentioned, Officer Oakley testified that due to the quantity of methamphetamine seized, he believed Appellant possessed the methamphetamine with the intent to distribute it. Even if we assume that Appellant's initial objection preserved his issue for our review, the follow-up questions presented to Officer Oakley and his answers were not objected to; thus, the same or similar evidence was admitted without objection. After the trial court overruled Appellant's speculation objection, Officer Oakley testified without objection that he thought the methamphetamine that Appellant possessed was "a dealer quantity" and that he did not believe the methamphetamine was for personal use because the seized quantity would be "deadly" and is more than one person can consume. Appellant's failure to renew his objections during this testimony waived error, if any, in the trial court's

6

decision to overrule Appellant's objections to Officer Oakley's previous testimony—that because of the quantity, he believed Appellant possessed the methamphetamine with the intent to distribute it.

*The Officer's Lay Witness Testimony was Proper*

Rule 602 and 701 of the Texas Rules of Evidence apply when a party objects on the grounds that testimony is speculative. *See* TEX. R. EVID. 602, 701; *Solomon v. State*, 49 S.W.3d 356, 364–65 (Tex. Crim. App. 2001); *Turro v. State*, 950 S.W.2d 390, 403 (Tex. App.—Fort Worth 1997, pet. ref'd). Rule 602 requires that a witness have personal knowledge of the matter on which he or she is testifying. TEX. R. EVID. 602. Rule 701 concerns lay witness opinion testimony, the first prong of which requires that a witness rationally base his or her testimony on what he or she perceived. *See* TEX. R. EVID. 701; *Osbourn v. State*, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002) (Rule 701 incorporates the personal knowledge requirement of Rule 602); *Solomon*, 49 S.W.3d at 364; *see also Fairow v. State*, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997). An opinion is rationally based on a witness's perception if "a reasonable person could draw [the same opinion] under the circumstances." *Fairow*, 943 S.W.2d at 900. The second prong of Rule 701 requires that the witness's opinion be helpful to the trier of fact. *See* TEX. R. EVID. 701; *Solomon*, 49 S.W.3d at 364.

The requirement that an opinion be rationally based on the perception of the witness is composed of two parts: (1) the witness must establish personal knowledge of the events from which his opinion is drawn, and (2) the opinion drawn must be rationally based on that knowledge. *Fairow*, 943 S.W.2d at 898. Rule 701 of the Federal Rules of Evidence includes the prerequisite that lay opinion "not [be] based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *See* FED. R. EVID. 701(c) and advisory committee's notes. However, we

note that no similar amendment to Rule 701 of the Texas Rules of Evidence has been adopted and that the Texas Court of Criminal Appeals has opined that:

> A distinct line cannot be drawn between lay opinion and expert testimony *because all perceptions are evaluated based on experiences*. However, as a general rule, observations which do not require significant expertise to interpret and which are not based on a scientific theory can be admitted as lay opinions if the requirements of Rule 701 are met. This is true even when the witness has experience or training. . . . The personal experience and knowledge of a lay witness may establish that he or she is capable, without qualification as an expert, of expressing an opinion on a subject outside the realm of common knowledge.

*Osbourn*, 92 S.W.3d at 537(emphasis added)

Officer Oakley testified as to his qualifications and experience as a police officer. Appellant did not object to or challenge Officer Oakley's law enforcement training or experience as being insufficient to form or express a lay opinion on the matter. Officer Oakley's opinion was not based on scientific theory but rather, his first-hand observations. *See* TEX. R. EVID. 602, 701(a). After stopping Appellant for a traffic violation, Officer Oakley personally observed that Appellant had a large bag of methamphetamine in his possession. Because of the large quantity, Officer Oakley opined that Appellant possessed the methamphetamine with the intent to distribute it. Police officers may testify, based upon their training and experience, that a defendant's actions were consistent with selling drugs. *Reece v. State*, 878 S.W.2d 320, 325 (Tex. App.—Houston [1st Dist.] 1994, no pet); *see also King v. State*, 129 S.W.3d 680, 683–84 (Tex. App.—Waco 2004, pet. ref'd) (police officer with ten years of experience and multiple past encounters with dealers and drug users could testify under Rule 701 that burn marks on lips and fingers are typical signs of crack-cocaine smokers; absence of such marks on defendant implied that he possessed cocaine for delivery, not personal use); *but see King*, 129 S.W.3d at 685 (Gray, C.J., concurring) (police officer's testimony was not admissible as lay

opinion testimony under Rule 701 but as expert testimony under Rule 702). Here, Officer Oakley's testimony established that he had personal knowledge of the events and that his opinion was rationally based upon that knowledge and perception. *See Reece*, 878 S.W.2d at 324–25. Officer Oakley's testimony satisfies the first prong of Rule 701.

Under the second prong of Rule 701, the witness's testimony must be helpful to the trier of fact. TEX. R. EVID. 701(b). "[T]here is no bright line indicating when an opinion is helpful" to the trier of fact. *Fairow*, 943 S.W.2d at 900. But, as we have said, pursuant to Article 37.07, Section 3(a)(1), of the Texas Code of Criminal Procedure, evidence may be offered "as to any matter the court deems relevant to sentencing," including "the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and . . . any other evidence of an extraneous crime or bad act." CRIM. PROC. art. 37.07 § 3(a)(1). Appellant waived his right to a jury trial, elected to have the trial court assess his punishment, and requested that the trial court place him on community supervision. Officer Oakley's testimony on the large amount of methamphetamine that was seized combined with his testimony that he did not believe Appellant's story of finding the methamphetamine under a house could be helpful to the trial court in assessing an appropriate punishment. Officer Oakley's testimony, that the amount of methamphetamine seized was consistent with an intent to distribute the controlled substance, addressed the circumstances of the offense for which Appellant was being tried and, therefore, could be helpful for the trial court to determine Appellant's suitability for community supervision and the appropriateness of his punishment. *See Ellison v. State*, 201 S.W.3d 714, 717, 722–23 (Tex. Crim. App. 2006) (probation officer's lay opinion that the appellant was not a suitable candidate for probation, which was based on her general professional knowledge and experience and on "her personal knowledge and

perceptions" of the appellant and the sexual assault victim "during their interviews," was properly considered as a matter "relevant to sentencing" that could assist the factfinder in tailoring an appropriate sentence for the appellant).

"Whether an opinion meets the fundamental requirements of Rule 701 is within the sound discretion of the trial court and its decision regarding admissibility should be overturned only if it abuses its discretion." *Fairow*, 943 S.W.2d at 901; *see also Osborn*, 92 S.W.3d at 537. If there is evidence in the record supporting the trial court's decision to admit or exclude an opinion under Rule 701, there is no abuse of discretion, and we must defer to that decision. *Osbourn*, 92 S.W.3d at 538; *Fairow*, 943 S.W.2d at 901. "Even when the trial judge gives the wrong reason for his decision, if the decision is correct on any theory of law applicable to the case it will be sustained." *Osbourn*, 92 S.W.3d at 538 (internal citations omitted). "This is especially true with regard to the admission of evidence." *Id.* We hold that the trial court did not abuse its discretion in admitting Officer Oakley's testimony.

*No Showing that Admission of Testimony Affected His Substantial Rights*

Moreover, Appellant has not shown that any error in admitting Officer Oakley's testimony affected his substantial rights. *See* TEX. R. APP. P. 44.2(b); *Cook v. State*, 665 S.W.3d 595, 599 (Tex. Crim. App. 2023) ("Non-constitutional errors require reversal only if they affect an appellant's substantial rights."). A substantial right is affected if the error had a substantial and injurious effect or influence in determining the trier of fact's verdict. *Schmutz v. State*, 440 S.W.3d 29, 39 (Tex. Crim. App. 2014). One's substantial rights are not affected by the erroneous admission of evidence if, after examining the record as a whole, we have fair assurance that the error did not influence the trier of fact or had but a slight effect. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

Appellant argues that it is apparent that the trial court relied upon Officer Oakley's testimony in determining his sentence because forty years' confinement is

10

excessive considering the quantity that he possessed, 25.54 grams, when compared to the maximum quantity in the penalty range, 199.99 grams. *See* HEALTH & SAFETY § 481.115(d). He argues that "it is unlikely the erroneous admission of [Officer] Oakley's testimony was harmless." We disagree. The record shows that Appellant has two previous convictions for possession of a controlled substance in a drug-free zone, as well as a conviction for burglary of a habitation. Based on Appellant's plea of "true" to the single enhancement allegation, his punishment range for the charged offense was enhanced from that of a second-degree felony to a first-degree felony. *See* PENAL § 12.42(b). Moreover, although the State only relied on one of Appellant's prior felony convictions for enhancement purposes, it could have sought "true" findings on Appellant's two other prior felony convictions and further enhanced Appellant's punishment range to a "habitual-offender" status. *See id.* § 12.42(d) (providing for a punishment range of not less than 25 years, but no more than 99 years imprisonment, or life).

Appellant committed the two prior drug offenses even after completing a drug treatment program—having been sent to SAFP for failing multiple drug tests. Appellant testified that he continued the use of methamphetamine after being released from prison for the two prior drug offenses. The trial court made no findings of fact; therefore, the forty-year sentence could reasonably have been based upon such other properly admitted evidence. Moreover, as we have said, similar testimony was admitted without objection. *See Cook*, 665 S.W.3d at 601 (any error in admitting the officer's testimony was harmless because other evidence on the fact at issue was admitted without objection (citing *Solomon*, 49 S.W.3d at 365)). Appellant has not shown that any error in admitting Officer Oakley's testimony affected his substantial rights. *See* TEX. R. APP. P. 44.2(b). We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the orders of the trial court.

W. BRUCE WILLIAMS

JUSTICE

March 27, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.