INNOCENCIO OZUNA V. STATE.

No. 29,760. June 25, 1958.
Appellant's Motion for Rehearing Overruled.
(Without Written Opinion) October 22, 1958.

*E. G. Lloyd, Jr.,* Alice, for appellant.

*Sam H. Burris,* District Attorney, Alice, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is under an indictment charging the murder of Elvira Saenz, Ruben Saenz, Perfecto Saenz, Jr., Dolores Saenz, and Bill Page, under Art. 802c, Vernon's A.P.C.; the punishment, two years.

The testimony of the state shows that the appellant while driving his Chevrolet automobile east on a public highway at a high rate of speed drove it into the rear of a Buick driven by Perfecto Saenz and traveling in the same direction at about 35 miles per hour and occupied also by four other persons; that the impact of the Chevrolet on the Buick caused the Buick to veer to its left across the center of the highway where it was struck by a west-bound Plymouth occupied only by Bill Page, the driver, and traveling at about 60 miles per hour.

The witness Trejo testified that he was with appellant during the afternoon and was in the car with him at the time of the collision and that the appellant had drunk some beer during the afternoon but he did not know how much.

The proof further shows that there was an odor of alcohol

on appellant's breath at the hospital shortly after the collision; that there was a strong odor of alcohol in the interior of the Chevrolet driven by the appellant immediately after the collision; that the appellant in his voluntary written statement stated that he had drunk six bottles of beer that afternoon, and that "I was a little bit drunk, but not real drunk but a little bit drunk."

Proof of facts and circumstances were offered that the four persons riding in the Buick and the driver of the Plymouth who were named in the indictment were killed as a result of the collision.

Appellant, testifying in his own behalf, stated that while driving his Chevrolet between 50 and 55 miles per hour he drove it into the back of a Buick which was traveling about 35 miles per hour because it appeared to him that the Buick, whose brake light flashed on, was about to stop, and he put his brakes on to avoid the accident, but it was too late. He further testified that he was not intoxicated at the time of the collision and also stated that he had drunk nothing intoxicating before the collision.

The facts and circumstances were sufficient to warrant the jury's findings that the appellant while intoxicated and driving an automobile upon a public highway caused the collisions of the automobiles as alleged in the indictment which resulted in the deaths of the five persons named therein.

An examination of the indictment shows that it substantially conforms to the allegations charging said offense as set out in Willson's Criminal Forms, Sixth Ed., Sec. 1667. It sufficiently charges an offense under Art. 802c, Vernon's A.P.C., and the court did not err in overruling the motion to quash.

Appellant urges error because of the court's failure to charge the jury that if the acts of Bill Page in driving the Plymouth resulted in the collision with the Buick then appellant would not be guilty; and further insists that the court erred in failing to charge the jury that if they believed the acts of Perfecto Saenz in attempting to regain control of the Buick after it was struck by the Chevrolet caused the collision to acquit him.

Under similar contentions in McKinnon v. State, 159 Texas Cr. Rep. 65, 261 S.W. 2d 335, 337, we said:

"The conditions presented by one or both of such charges

as to appellant's defective vision and the blurred windshield on his car, if found to be true, would not, in themselves, constitute an affirmative defense. If appellant was intoxicated and could have avoided the collision except for such intoxication, then the fact that his vision was defective or the windshield blurred would not constitute a defense though either or both may have caused the collision and resulting death. In Long v. State, 154 Texas Cr. Rep. 587, 229 S.W. 2d 366, 369, we said:

" 'Having driven his automobile upon the highway while intoxicated, as found by the jury, appellant was bound under the law to drive such car regardless of the conditions of the highway, the car or the weather, in the same prudent manner as though he was entirely sober.

" 'If the collision resulted from the wet, slippery or icy pavement, the falling or fallen snow, the faulty condition of the windshield wiper, or even by reason of the loss of control under the conditions submitted as appellant's defense, yet, if such collision could have been avoided under those circumstances if appellant had been sober rather than intoxicated, then a causal connection is established between the intoxication and the collision and the resulting death.' "

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge, dissenting.

In Spannell v. State, 83 Texas Cr. Rep. 418, 203 S.W. 357, this court announced the rule to be that a conviction can not be had for the death of more than one person which grows out of a single act and volition. In that case two persons were killed as the result of a single shot fired as a single act and with one volition. The state elected to try Spannell for the unlawful killing of one of those persons and, upon the trial, Spannell was acquitted by the jury. The state then sought to try him for the killing of the other person.

It was held in that case that as he had been acquitted in the first trial, Spannell's second trial violated the constitutional guarantee of double jeopardy.

The rule above was thereby judicially announced.

That rule has direct application here, for appellant was charged by indictment with the unlawful killing of five different persons while in the performance of a single act under a single volition—which was the driving of an automobile upon a public highway while intoxicated.

In submitting the case to the jury the trial court instructed it to the effect that if they found appellant killed all five of the persons named they should find him guilty.

Under that charge and the verdict of guilty thereunder, appellant stands convicted of five separate felonies growing out of a single act and volition, because the death of each person constituted a separate crime within itself.

The rule of law against such multiple convictions out of the single transaction has a special and peculiar application here, for as a result of appellant's driving his automobile into the automobile in which five persons were riding four of them were killed and the other person killed was in another automobile, approaching from another direction, which collided with the automobile in which the five persons were riding.

It is my opinion that the facts do not warrant appellant's conviction for killing Bill Page, the occupant of the third, or other, automobile, for the reason that there is no causal connection between the striking of the automobile in which he was riding and the appellant's driving his automobile and striking the first automobile. Especially is this true because of the absence of any evidence of foreseeableness or proximate cause on the part of the appellant that his act of accidentally and mistakenly colliding with the first automobile would bring about the death of Bill Page.

It is my viewpoint that if appellant is guilty, under the facts in this case, it is for the striking of the first automobile and the death of the occupants thereof.

I therefore enter my dissent to the affirmance of this case.