ACCEPTED
06-15-00083-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
11/9/2015 5:00:03 PM
DEBBIE AUTREY
CLERK

No. 06-15-00083-CV

IN THE SIXTH COURT OF APPEALS
SITTING IN TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
11/10/2015 8:57:00 AM
DEBBIE AUTREY
Clerk

## TEXAS DEPARTMENT OF PUBLIC SAFETY,
APPELLANT

## V.

## LOUIS LEROY KUHN,
APPELLEE

APPEALED FROM COUNTY COURT AT LAW NO. 2
HAYS COUNTY, TEXAS

## APPELLANT'S BRIEF

KEVIN M. GIVENS
Supervising Attorney,
ALR Appellate Section
SBN 00796633
P.O. Box 15327
Austin, Texas 78761-5327
Tel:   (512) 424-5193
Fax:   (512) 424-5221
Kevin.Givens@dps.texas.gov

ATTORNEY FOR APPELLANT
TEXAS DEP'T OF PUB. SAFETY

ORAL ARGUMENT REQUESTED

No. 06-15-00083-CV

---

TEXAS DEPARTMENT OF PUBLIC SAFETY,
APPELLANT

V.

LOUIS LEROY KUHN,
APPELLEE

---

## REQUEST FOR ORAL ARGUMENT

---

Appellant, Texas Department of Public Safety, believes that oral argument might benefit the Court in this case and respectfully requests that it be granted.

TEXAS DEPARTMENT OF PUBLIC SAFETY,
APPELLANT

V.

LOUIS LEROY KUHN,
APPELLEE

## IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of the parties, attorneys, and any other persons who have any interest in the outcome of this lawsuit.

**APPELLANT:**

Texas Department of Public Safety
5805 N. Lamar Blvd.
P.O. Box 15327
Austin, Texas 78761-5327

**COUNSEL FOR APPELLANT:**

Kevin M. Givens
Supervising Attorney,
ALR Appellate Section
SBN 00796633
Kevin.Givens@dps.texas.gov

Cynthia Myers
SBN 24012476

Natalie Olvera
SBN 24088159

Texas Department of Public Safety
P.O. Box 15327
Austin, Texas 78761-5327
Tel:   (512) 424-5193
Fax:   (512) 424-5221

**APPELLEE:**                              **COUNSEL FOR APPELLEE:**

Louis Leroy Kuhn                         Billy McNabb
                                         SBN 00792930
                                         144 E. San Antonio Street
                                         San Marcos, Texas 78666
                                         Tel:   (512) 353-2136
                                         Fax:   (512) 353-2137
                                         info@billymcnabb.com

# TABLE OF CONTENTS

REQUEST FOR ORAL ARGUMENT ............................................................ ii

IDENTITY OF PARTIES AND COUNSEL ................................................. iii

TABLE OF CONTENTS ............................................................................. v

INDEX OF AUTHORITIES ...................................................................... vii

APPELLANT'S BRIEF ............................................................................... 1

STATEMENT OF THE CASE ..................................................................... 3

ISSUE PRESENTED ................................................................................... 4

STATEMENT OF FACTS ........................................................................... 5

   *Kuhn's Arrest* ........................................................................................ 5

   *The Administrative Hearing* ............................................................... 5

   *Review by the Trial Court* ................................................................... 6

SUMMARY OF THE ARGUMENT ............................................................ 7

STANDARD OF REVIEW .......................................................................... 8

ISSUE PRESENTED.................................................................................... 10

Trooper Flores observed that Kuhn was exceeding the posted speed limit before confirming the fact with radar.  Kuhn objected to the radar evidence, but not Trooper Kuhn's lay opinion.  Since other evidence of Kuhn's speed was admitted without objection, the admission of the radar evidence did not prejudice Kuhn's substantial rights.  Did the trial court err by reversing the administrative decision based on the alleged error of admitting the radar evidence?

ARGUMENT AND AUTHORITY............................................................ 10

*An officer's opinion that the driver is exceeding the speed limit is sufficient for reasonable suspicion without confirmation by radar.*........................................................................ *12*

*Lay Witnesses May Testify About the Speed of Vehicles.*.......................... *16*

CONCLUSION....................................................................................... 19

PRAYER.................................................................................................. 20

CERTIFICATE OF COMPLIANCE....................................................... 21

CERTIFICATE OF SERVICE................................................................ 21

INDEX OF APPENDICES...................................................................... 22

# INDEX OF AUTHORITIES

**CASES**

*Anderson v. State*,
  717 S.W.2d 622 (Tex. Crim. App. 1986) ................................................. 12

*Broderick v. State*,
  35 S.W.3d 67 (Tex. App.—Texarkana 2000, pet. ref'd) ......................... 12

*City of El Paso v. Pub. Util. Comm'n of Tex.*,
  883 S.W.2d 179 (Tex. 1994) ..................................................................... 8

*Davis v. State*,
  No. 01-96-01039-CR, 1998 WL 85262
  (Tex. App.—Houston [1st Dist.] Feb. 19, 1998, no pet.)
  (not designated for publication) ............................................................... 17

*Denham v. State*,
  574 S.W.2d 129 (Tex. Crim. App. 1978) ................................................. 16

*Dillard v. State*,
  550 S.W.2d 45 (Tex. Crim. App. 1977) ................................................... 15

*Flores v. State*,
  No. 05-93-00437-CR, 1994 WL 236410
  (Tex. App.—Dallas May 31, 1994, no pet.)
  (not designated for publication) ............................................................... 17

*Heredia v. State*,
  No. 08-06-00011-CR, 2007 WL 1704952
  (Tex. App.—El Paso June 14, 2007, no pet.)
  (not designated for publication) ............................................................... 13

*Hesskew v. Tex. Dep't of Pub. Safety*,
  144 S.W.3d 189 (Tex. App.—Tyler 2004, no pet.) .................................. 15

*Hitt v. State*,
  53 S.W.3d 697 (Tex. App.—Austin 2001, pet. ref'd) .............................. 12

*Icke v. State*,
  36 S.W.3d 913 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) .......... 15

*King v. State*,
129 S.W.3d 680 (Tex. App.—Waco 2004, pet. ref'd) ............................. 16

*Littlefield v. State*,
167 Tex. Crim. 443, 321 S.W.2d 79 (1959) ...................................... 16, 18

*Markle v. State*,
No. 01-13-01028-CR, 2015 WL 505194
(Tex. App.—Houston [1st Dist.] Feb. 5, 2015, pet. ref'd)
(mem. op., not designated for publication)................................. 14

*Mireles v. Tex. Dep't of Pub. Safety*,
9 S.W.3d 128 (Tex. 1999) ....................................................... 8

*Ochoa v. State*,
994 S.W.2d 283 (Tex. App.—El Paso 1999, no pet.) ............................. 15

*Parroccini v. State*,
90 Tex. Crim. 320, 234 S.W. 671 (1921) .................................. 16, 17, 18

*Simpson v. State*,
No. 07-07-0310-CR, 2008 WL 4367960
(Tex. App.—Amarillo Sept. 25, 2008, no pet.)
(mem. op., not designated for publication)................................. 14

*Tex Dep't of Pub. Safety v. Castro*,
406 S.W.3d 782 (Tex. App.—El Paso 2013, no pet.) ........................ 13, 17

*Tex Dep't of Pub. Safety v. Hirschman*,
169 S.W.3d 331 (Tex. App.—Waco 2005, pet. denied) .................... 13, 17

*Tex. Dep't of Pub. Safety v. Cantu*,
944 S.W.2d 493 (Tex. App.—Houston [14th Dist.] 1997, no writ)..... 9, 12

*Tex. Dep't of Pub. Safety v. Pucek*,
22 S.W.3d 63 (Tex. App.—Corpus Christi 2000, no pet.)........................ 8

*Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*,
665 S.W.2d 446 (Tex. 1984) .................................................... 8

*Thomas v. State*,
No. 08-05-00247-CR, 2007 WL 1404425

(Tex. App.—El Paso May 10, 2007, pet. ref'd, untimely filed)
(not designated for publication) .................................................. 14

*Warren v. State*,
No. 05-08-01431-CR, 2009 WL 3467013
(Tex. App.—Dallas Oct. 29, 2009, no pet.)
(not designated for publication) ................................................. 14

## STATUTES

TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2008) ...................................... 9

TEX. TRANSP. CODE ANN. ch. 543 (Vernon 2011)
§ 543.001 ......................................................................... 12

TEX. TRANSP. CODE ANN. ch. 545 (Vernon 2011)
§ 545.351 ......................................................................... 12
§ 545.352 ......................................................................... 12

## RULES

Tex. R. Evid. 701 ................................................................... 16

## TREATISES

Hulen D. Wendorf et al.,
TEXAS RULES OF EVIDENCE MANUAL, (6th ed., Juris, 2002) .......................... 16

TEXAS DEPARTMENT OF PUBLIC SAFETY,
APPELLANT

V.

LOUIS LEROY KUHN,
APPELLEE

**APPELLANT'S BRIEF**

The Texas Department of Public Safety, Appellant in the above referenced cause, respectfully submits this brief in appeal of a judgment rendered in favor of Appellee, Louis Leroy Kuhn. This appeal is from the County Court at Law No. 2, of Hays County, Texas, the Honorable David Glickler, judge presiding, in which Appellant brought a petition for judicial review of the decision issued by the State Office of Administrative Hearings, the Honorable Holly Vandrovec, judge presiding, sustaining the Department's suspension of Appellee's driver license.

For clarity and brevity, the Appellant, Texas Department of Public Safety, will be referred to as "the Department," and the Appellee, Louis Leroy Kuhn, will be referred to as "Kuhn." The State Office of Administrative Hearings will be referred to as "SOAH." The administrative law judge will be referred to as "the ALJ," and the County Court at Law No.

2 will be referred to as "the trial court." Citations to the Clerk's Record will be CR at [page number]. Citations to the Reporter's Record will be RR at [page number].

## STATEMENT OF THE CASE

This appeal comes from a contested case under the Administrative Procedure Act arising out of an administrative license suspension based on Kuhn's refusal of an alcohol concentration test. The administrative hearing was held pursuant to chapter 724 of the Transportation Code, chapter 2001 of the Government Code, and the applicable administrative rules of SOAH and the Department.[1]

The Department appeals the trial court's final order reversing the administrative decision of May 11, 2015, sustaining the Department's suspension of Kuhn's driver license. The trial court's order was signed on August 11, 2015.[2] This appeal was timely perfected on September 10, 2015.[3]

---

[1] TEX. TRANSP. CODE ANN. ch. 724 (Vernon 2011); TEX. GOV'T CODE ANN. ch. 2001 (Vernon 2008) (Administrative Procedure Act); 1 TEX. ADMIN. CODE ch. 159 (2015) (State Office of Admin. Hearings, Admin. License Suspension Hearings); 37 TEX. ADMIN. CODE ch. 17 (2015) (Texas Dep't of Pub. Safety, Admin. License Revocation).
[2] CR at 47.
[3] CR at 48.

## ISSUE PRESENTED

Trooper Flores observed that Kuhn was exceeding the posted speed limit before confirming the fact with radar. Kuhn objected to the radar evidence, but not Trooper Kuhn's lay opinion. Since other evidence of Kuhn's speed was admitted without objection, the admission of the radar evidence did not prejudice Kuhn's substantial rights. Did the trial court err by reversing the administrative decision based on the alleged error of admitting the radar evidence?

## STATEMENT OF FACTS

### *Kuhn's Arrest*

On February 15, 2015, Trooper Cristobal Flores of the Texas Highway Patrol stopped Louis Leroy Kuhn for speeding.[4] Trooper Flores visually estimated Kuhn's speed and confirmed it with the use of radar equipment.[5] Upon contacting Kuhn, Trooper Flores detected a number of symptoms of intoxication, and, after administering field sobriety tests, Trooper Flores arrested Kuhn for driving while intoxicated.[6] Kuhn refused to provide a breath or blood specimen upon Trooper Flores's request.[7]

### *The Administrative Hearing*

Kuhn requested an administrative hearing to contest the suspension of his driver license based on his refusal of the breath and blood tests. At the hearing, Kuhn objected to the admission of the evidence from Trooper Flores's radar equipment.[8] The administrative law judge overruled Kuhn's objection.[9] She later sustained the suspension of Kuhn's driver license.[10]

---

[4] CR at 37.
[5] CR at 37.
[6] CR at 37-38.
[7] CR at 38, 43.
[8] CR at 23-27, 28-29.
[9] CR at 28, 29.
[10] CR at 16.

### *Review by the Trial Court*

Kuhn appealed the administrative decision to the Hays County Court at Law Number 2, arguing that the ALJ erred by overruling his objection to the radar evidence.[11]  The trial court reversed the administrative decision.[12] It is from that decision the Department now appeals.

---

[11] RR at 5-10.
[12] CR at 47.

## SUMMARY OF THE ARGUMENT

Assuming that the ALJ did err by admitting the radar reading over Kuhn's objection, the error was harmless and the trial court erred by reversing the administrative decision. Trooper Flores's report states that Kuhn was speeding in excess of the posted speed limit. The officer's lay opinion as to Kuhn's speed, which was not objected to, was sufficient to establish reasonable suspicion for the stop. The trial court erred by reversing the administrative decision, because there was substantial evidence to support the ALJ's finding that there was reasonable suspicion for the stop. This Court should reverse the trial court's error and reinstate the administrative suspension of Kuhn's driver license.

# STANDARD OF REVIEW

A court reviewing an administrative decision must affirm the administrative law judge's order if "some reasonable basis exists in the record for the action taken by the agency."[13] "The issue for the reviewing court is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action."[14]

"The burden for overturning an agency ruling is quite formidable."[15] The administrative decision is presumed to be supported by substantial evidence, and the burden is on the contestant to prove that it should be reversed.[16] A court reviewing an administrative decision

> (2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, and decisions are:
> (A) in violation of a constitutional or statutory provision;
> (B) in excess of the agency's statutory authority;
> (C) made through unlawful procedure;
> (D) affected by other error of law;
> (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

---

[13] *Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984).

[14] *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999).

[15] *Tex. Dep't of Pub. Safety v. Pucek*, 22 S.W.3d 63, 67 (Tex. App.—Corpus Christi 2000, no pet.).

[16] *City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d 179, 185 (Tex. 1994).

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.[17]

A reversal of the administrative decision requires a conclusion by this Court "(1) that the agency's decision was erroneous for one of the reasons enumerated in subsections (A) through (F), *and* that substantial rights of the appellant have thereby been prejudiced."[18]  If the ALJ committed any error in the administrative hearing, but Kuhn's substantial rights were not prejudiced, reversal of the administrative order was not authorized.

---

[17] TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2008).
[18] *Tex. Dep't of Pub. Safety v. Cantu*, 944 S.W.2d 493, 495 (Tex. App.—Houston [14th Dist.] 1997, no writ) (emphasis in original).

## ISSUE PRESENTED

## (Restated)

Trooper Flores observed that Kuhn was exceeding the posted speed limit before confirming the fact with radar. Kuhn objected to the radar evidence, but not Trooper Kuhn's lay opinion. Since other evidence of Kuhn's speed was admitted without objection, the admission of the radar evidence did not prejudice Kuhn's substantial rights. Did the trial court err by reversing the administrative decision based on the alleged error of admitting the radar evidence?

## ARGUMENT AND AUTHORITY

Trooper Flores stopped Kuhn for speeding after Trooper Flores observed Kuhn to be traveling "at a high rate of speed over the posted speed limit of 45 mph."[19] Trooper Flores confirmed his belief that Kuhn was speeding through the use of radar equipment.[20] At the administrative hearing held to contest the suspension of Kuhn's driver license, Kuhn objected to the admission of the numeric readout from the radar equipment.[21]

Kuhn objected only to the numeric readout, arguing that the Department failed to present predicate evidence to establish the reliability of

---

[19] CR at 37.
[20] CR at 37.
[21] CR at 24-25.

10

the scientific evidence.[22]  Kuhn explicitly did not object to Trooper Flores's visual observation that Kuhn was exceeding the speed limit, stating,

> I guess—just for clarification. What I hear the prosecutor arguing is—is even in the absence of radar we still think that there's an argument to be made which would justify the stop. I don't agree with that but what I'm hearing is I'm objecting not to the officer, if he made some sort of visual observation. That'll be an argument for closing, I'm simply objecting as to the admissibility. And the cases cited by counsel in both of those cases the court said hey, we're gonna [sic]—we think there was justification for the stop because there was something besides the radar. There was visual observation. That's not my—my objection is as to anything scientific and number wise regarding the radar.[23]

The ALJ overruled Kuhn's objection and admitted Trooper Flores's report, including the readout from the radar equipment.[24]  In her findings of fact, the ALJ found that Trooper Flores "observed [Kuhn] driving at a speed greater than the posted speed limit, which the officer confirmed with radar was 55 miles per hour in a 45 mile per hour zone."[25]  In other words, the ALJ determined that Trooper Kuhn's reasonable suspicion for the stop was based on his observation that Kuhn was exceeding the speed limit. The radar reading only confirmed Trooper Flores's observation.

---

[22] CR at 25-29.

[23] CR at 27-28. *See also* CR at 30 ("I need to make an argument as to the recitation ['[']at a high rate of speed posted [sic] over the speed limit of 45.[']  And my—my argument there is it's argument, it's not an objection.").

[24] CR at 28-29.

[25] Transcript at Case Index 1.

Trooper Flores's visual observation that Kuhn was exceeding the posted speed limit was sufficient, in itself, to justify the stop as a violation of the Transportation Code.[26] Therefore, if the ALJ did err by admitting the numeric readout from the radar equipment, as Kuhn alleged, that error was harmless, because other evidence proved there was reasonable suspicion to believe Kuhn was exceeding the posted speed limit.[27] The ALJ's alleged error did not prejudice Kuhn's substantial rights, so the trial court should not have reversed the administrative decision.[28]

### *An officer's opinion that the driver is exceeding the speed limit is sufficient for reasonable suspicion without confirmation by radar.*

In his brief to the trial court, Kuhn argued,

Had petitioners [sic] objection been properly sustained, DPS would have been left with essentially one sentence, that the officer saw a vehicle approaching from the other direction "at a high rate of speed over the posted speed limit of 45mph". [sic] Without additional officer testimony as to training, experience,

---

[26] *See* TEX. TRANSP. CODE ANN. § 543.001 (Vernon 2011) ("Any peace officer may arrest without warrant a person found committing a violation of this subtitle."); TEX. TRANSP. CODE ANN. § 545.351(a) (Vernon 2011) ("An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing."); TEX. TRANSP. CODE ANN. § 545.352 (Vernon 2011) ("A speed in excess of the limits established by Subsection (b) or under another provision of this subchapter is prima facie evidence that the speed is not reasonable and prudent and that the speed is unlawful.").

[27] *Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986) ("Inadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove."); *accord Hitt v. State*, 53 S.W.3d 697, 708 (Tex. App.—Austin 2001, pet. ref'd); *Broderick v. State*, 35 S.W.3d 67, 75 (Tex. App.—Texarkana 2000, pet. ref'd).

[28] *See Cantu*, 944 S.W.2d at 495 (holding that reversal is required only if an ALJ errs *and* the error prejudices the complainant's substantial rights).

etc…, such a single sentence would not provide proper legal justification for the initial seizure of petitioner, in that such limited testimony rendered a decision not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole.[29]

However, Kuhn is mistaken. No additional testimony about training or experience is necessary for the ALJ to give weight to Trooper Flores's testimony that he saw Kuhn traveling above the posted speed limit of 45 miles per hour. The El Paso Court of Appeals addressed the same complaint in a case where there was no radar evidence of speeding.

> Appellant maintains that Sgt. Ortiz lacked reasonable suspicion, because he lacked training. While the officer did not have radar training, and he had no specific training in determining the speed of vehicles, Sgt. Ortiz testified that no such training is required to determine whether someone is speeding. He saw Appellant pass other vehicles, while traveling in excess of the speed limit. This was sufficient to establish reasonable suspicion.[30]

As noted above, Kuhn did not object to the admissibility of the trooper's statement,[31] and the ALJ is the sole judge of the weight to be given to the officer's report.[32]

---

[29] CR at 46.

[30] *Heredia v. State*, No. 08-06-00011-CR, 2007 WL 1704952, at *3 (Tex. App.—El Paso June 14, 2007, no pet.) (not designated for publication).

[31] CR at 27-28.

[32] *Tex Dep't of Pub. Safety v. Castro*, 406 S.W.3d 782, 788 (Tex. App.—El Paso 2013, no pet.) ("[T]he ALJ was free to determine the credibility of the witnesses and assign the weight to be given the evidence."); *Tex Dep't of Pub. Safety v. Hirschman*, 169 S.W.3d 331, 336 (Tex. App.—Waco 2005, pet. denied) ("The ALJ is the sole judge of the weight of the evidence.").

It also bears repeating that the issue in this case is not whether or not Kuhn actually was speeding. The Amarillo Court of Appeals addressed this same point in a similar case.

> We are mindful that appellant's issue challenges Catalona's reasonable suspicion to stop appellant rather than the sufficiency of the evidence to prove the exact speed at which appellant was traveling. While appellant's argument could very well affect the weight to be afforded evidence of the precise speed at which appellant was traveling just prior to Catalona stopping the vehicle, these arguments have little impact on our review of whether Catalona reasonably suspected that appellant was speeding.[33]

This case is similar to numerous others where an officer was found to have reasonable suspicion based on his observation of a car driving at a rate of speed that was believed to be above the posted limit.[34] In *Dillard v. State*, the Court of Criminal Appeals found there was reasonable suspicion of

---

[33] *Simpson v. State*, No. 07-07-0310-CR, 2008 WL 4367960, at *2 n.2 (Tex. App.—Amarillo Sept. 25, 2008, no pet.) (mem. op., not designated for publication).

[34] *See Markle v. State*, No. 01-13-01028-CR, 2015 WL 505194, at *3 (Tex. App.—Houston [1st Dist.] Feb. 5, 2015, pet. ref'd) (mem. op., not designated for publication) ("Deputy Goodney's observation of appellant's speeding was alone sufficient to justify the traffic stop."); *Warren v. State*, No. 05-08-01431-CR, 2009 WL 3467013, at *4 (Tex. App.—Dallas Oct. 29, 2009, no pet.) (not designated for publication) ("Burnett's visual observation of appellant's vehicle made him reasonably suspicious that appellant was speeding."); *Simpson v. State*, No. 07-07-0310-CR, 2008 WL 4367960, at *2-3 (Tex. App.—Amarillo Sept. 25, 2008, no pet.) (mem. op., not designated for publication) ("An officer's visual estimate of a vehicle's speed may be sufficient to give an officer a reasonable suspicion to stop the vehicle."); *Thomas v. State*, No. 08-05-00247-CR, 2007 WL 1404425, at *3 (Tex. App.—El Paso May 10, 2007, pet. ref'd, untimely filed) (not designated for publication) ("Here, Trooper Buford testified that he observed Appellant traveling at what appeared to him to be a high rate of speed. We note that an officer's visual estimates of speed can suffice to establish reasonable suspicion to conduct a traffic stop.").

14

speeding where the officer testified the defendant was driving in excess of the speed limit, although the officer did not know the precise speed.[35] In *Icke v. State*, the court of appeals held that the officer's opinion that the defendant was speeding in excess of the 45 mile per hour speed limit was sufficient, on its own, to create reasonable suspicion.[36] In *Ochoa v. State*, a case almost exactly like this one, the court of appeals held there was no reversible error due to the improper admission of the radar results where the officer testified that, in his opinion, the defendant "was driving at a 'high rate of speed,' and that in his opinion, she was exceeding the speed limit."[37] In *Hesskew v. Texas Department of Public Safety*, the court of appeals held that, "[w]hen a law enforcement officer observes a vehicle traveling what he believes to be fifteen miles over the posted speed limit, a traffic stop is justified."[38]

All of these cases stand for the same proposition at issue in this case—a peace officer's opinion that a person is exceeding the speed limit is a sufficient factual basis upon which an investigative detention may be initiated. The trial court was wrong to hold that the admission of the radar

---

[35] *Dillard v. State*, 550 S.W.2d 45, 53 (Tex. Crim. App. 1977).
[36] *Icke v. State*, 36 S.W.3d 913, 916 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd).
[37] *Ochoa v. State*, 994 S.W.2d 283, 285 (Tex. App.—El Paso 1999, no pet.).
[38] *Hesskew v. Tex. Dep't of Pub. Safety*, 144 S.W.3d 189, 191 (Tex. App.—Tyler 2004, no pet.).

results prejudiced Kuhn's substantial rights, or that there was not substantial evidence to support the ALJ's finding that there was reasonable suspicion to stop Kuhn for speeding.

### *Lay Witnesses May Testify About the Speed of Vehicles.*

The reason an officer's opinion about a driver's speed will suffice for reasonable suspicion is that a lay witness may testify as to the speed of a vehicle.[39] In *Littlefield v. State*, the Court of Criminal Appeals announced, "We have concluded that in this mechanized age almost any witness may express an opinion as to speed of an automobile."[40] In *Littlefield*, the testimony in question came from "a seventh grade school boy who lived near the intersection," who testified that the defendant's pickup was traveling at least 60 miles per hour.[41]

---

[39] *See* Tex. R. Evid. 701; *Denham v. State*, 574 S.W.2d 129, 131 (Tex. Crim. App. 1978) ("In this State, the opinions of lay witnesses, when competent, are admissible concerning sanity, insanity, value, handwriting, intoxication, physical condition health and disease, estimates of age, size, weight, quantity, time, distance, speed, identity of persons and things.").

[40] *Littlefield v. State*, 167 Tex. Crim. 443, 446, 321 S.W.2d 79, 82 (1959). *See also Parroccini v. State*, 90 Tex. Crim. 320, 325, 234 S.W. 671, 674 (1921) ("Tested by this rule it would be difficult to find a man, woman, boy, or girl living near any of our public roads who would not be a competent witness on the speed of automobiles."); *King v. State*, 129 S.W.3d 680, 685 (Tex. App.—Waco 2004, pet. ref'd) (Gray, C.J., concurring) ("The speed of a car, the height of a tree, the distance between objects, etc. are the proper subject of lay opinion testimony.") (citing Hulen D. Wendorf et al., TEXAS RULES OF EVIDENCE MANUAL, VII–3 & VII–8, (6th ed., Juris, 2002)) .

[41] *Littlefield*, 167 Tex. Crim. at 446, 321 S.W.2d at 82.

Likewise, numerous other cases have permitted lay witnesses to testify that a car was traveling at, or above a specific speed. In *Parroccini v. State*, lay witnesses testified that the defendant was exceeding 25 miles per hour.[42] In *Davis v. State*, a lay witness testified that the defendant was traveling "'50 [mph] at least.'"[43] And in *Flores v. State*, a lay witness testified that the defendant was driving 40 miles per hour.[44]

Trooper Flores could, as a lay witness, offer his opinion that Kuhn was traveling "at high rate of speed over the posted speed limit of 45 mph."[45] The fact that the encounter between Trooper Flores and Kuhn happened at night goes to the weight of the evidence, not its admissibility. And, as previously stated, the ALJ is the sole judge of the weight to be given to the evidence.[46]

Kuhn did not object to the officer's competence to offer a lay opinion.[47] But even if Kuhn had objected to the statement in Trooper Flores's report, the ALJ could have properly overruled the objection. Trooper Flores was qualified to render a lay opinion about Kuhn's speed.

[42] *Parroccini*, 90 Tex. Crim. at 325, 234 S.W. at 674.
[43] *Davis v. State*, No. 01-96-01039-CR, 1998 WL 85262, at *2 (Tex. App.—Houston [1st Dist.] Feb. 19, 1998, no pet.) (not designated for publication).
[44] *Flores v. State*, No. 05-93-00437-CR, 1994 WL 236410, at *3 (Tex. App.—Dallas May 31, 1994, no pet.) (not designated for publication).
[45] CR at 37.
[46] *Castro*, 406 S.W.3d at 788; *Hirschman*, 169 S.W.3d at 336.
[47] CR at 27-28, 30.

He drove a marked DPS patrol unit and monitored traffic as part of his routine patrol.[48] Thus, he was competent to offer lay witness testimony about Kuhn's speed.[49]

The ALJ did not err by holding that Trooper Kuhn had reasonable suspicion to stop a vehicle that he observed traveling "at a speed greater than the posted speed limit . . . ."[50] Troopeer Kuhn was qualified to offer his lay opinion about Kuhn's speed, and his opinion was offered and admitted without objection. Thus, there was substantial evidence in the record to support the ALJ's finding on the issue of reasonable suspicion, and that was the only contested issue in the case. The trial court's order overturning the administrative decision should be reversed and the administrative decision, sustaining the suspension of Kuhn's driver license should be reinstated.

---

[48] CR at 36-37.
[49] *Littlefield*, 167 Tex. Crim. at 446, 321 S.W.2d at 82 (holding a seventh grade boy who lived near an intersection was competent to render an opinion on a vehicle's speed); *Parroccini*, 90 Tex. Crim. at 325, 234 S.W. at 674 (holding witnesses who rode in or drove cars were competent to render opinions on a vehicle's speed).
[50] CR at 16.

## CONCLUSION

Trooper Flores visually estimated Kuhn's speed to be well above the posted speed limit. His lay opinion regarding Kuhn's speed, which was not objected to, was sufficient to establish reasonable suspicion that Kuhn was committing a traffic offense. Thus, there was reasonable suspicion for the stop, based on Trooper Flores's visual observation alone. If the ALJ erred by admitting the radar evidence, the error was harmless and the trial court should not have reversed the administrative decision. This Court should reverse the trial court's order and reinstate the administrative decision, sustaining the suspension of Kuhn's driver license.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Department respectfully prays that this Honorable Court reverse the order of the County Court at Law No. 2 and affirm the administrative order of May 11, 2015, sustaining the Department's suspension of Kuhn's driver license. The Department further prays that it recover the costs of this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 8.02 (Vernon 2002).

Respectfully Submitted,

*/s/     Kevin M. Givens*

KEVIN M. GIVENS
Supervising Attorney,
ALR Appellate Section
SBN 00796633
P.O. Box 15327
Austin, Texas 78761-5327
Tel:   (512) 424-5193
Fax:   (512) 424-5221
Kevin.Givens@dps.texas.gov

ATTORNEY FOR APPELLANT
TEXAS DEP'T OF PUB. SAFETY

## CERTIFICATE OF COMPLIANCE

I certify that this document was prepared with Microsoft Word, and that, according to that program's word-count function, the sections covered by Texas Rule of Appellate Procedure 9.4(i)(1) contain 3370 words.

Respectfully Submitted,

/s/  *Kevin M. Givens*
KEVIN M. GIVENS

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the above and foregoing Appellant's Brief by email, per Tex. R. App. P. 9.5(b)(1), to Billy McNabb, counsel of record for Appellee, Louis Leroy Kuhn, at info@billymcnabb.com, on November 9, 2015.

Respectfully Submitted,

/s/  *Kevin M. Givens*
KEVIN M. GIVENS

**INDEX OF APPENDICES**

TAB A
      Order of August 11, 2015, County Court at Law No. 2,
          Honorable David Glickler, presiding.

TAB B
      Administrative Decision of May 11, 2015,
          Honorable Holly Vandrovec, presiding.

# TAB A

CAUSE NO. 15-0348-C

FILED

2015 AUG 12 AM 11: 04

| | | |
|---|---|---|
| LOUIS LEROY KUHN | § | IN THE COUNTY COURT |
| Appellant | | |
| v. | § | AT LAW |
| | | COUNTY CLERK |
| DEPARTMENT OF PUBLIC SAFETY | § | HAYS COUNTY, TEXAS |
| Appellee | | |

## ORDER

On the _11th_ day of August 2015, came on to be considered appellant's *Appeal Petition*, appealing the Administrative Law Judge's (ALJ) ruling ordering suspension of appellant's license. After hearing argument this Court orders that the ALJ ruling is reversed, and this Court orders Texas Department of Public Safety (TXDPS) to not suspend appellant's license, and if license suspension has taken place, that said suspension be rescinded, and that TXDPS obliterate all references to the appellant's license suspension.

SIGNED and ENTERED this _11th_ day of August, 2015.

JUDGE PRESIDING

47

# TAB B

| | | |
|---|---|---|
| DEPARTMENT OF PUBLIC SAFETY | § | BEFORE THE STATE OFFICE |
| | § | |
| v. | § | OF |
| | § | |
| LOUIS LEROY KUHN, DEFENDANT | § | ADMINISTRATIVE HEARINGS |
| | § | |

## ADMINISTRATIVE DECISION

On May 6, 2015, Defendant, appeared personally or through counsel and announced ready. The Department appeared through its attorney and announced ready. Having heard and considered the evidence, the Administrative Law Judge (ALJ) finds that the State Office of Administrative Hearings has jurisdiction over this case and further finds the facts below were proven by a preponderance of the evidence:

## FINDINGS OF FACT

1. On February 15, 2015, reasonable suspicion to stop Defendant existed, in that, a certified peace officer working within the officer's jurisdiction observed Defendant driving at a speed greater than the posted speed limit, which the officer confirmed with radar was 55 miles per hour in a 45 mile per hour zone.
2. Probable cause existed to believe that Defendant was operating a motor vehicle in a public place while intoxicated because, in addition to the facts in No.1, the officer observed that Defendant: had a strong odor of an alcoholic beverage; had bloodshot, watery, and glassy eyes; had mumbled, thick-tongued speech; swayed while walking and stumbled while exiting the vehicle; on the horizontal gaze nystagmus test, in both eyes, lacked smooth pursuit, had distinct and sustained nystagmus at maximum deviation, and had nystagmus onset prior to 45 degrees; on the walk-and-turn test, lost balance during instructions, began before being instructed, used arms for balance, turned improperly, and failed to touch heel to toe; and on the one-leg-stand test, swayed, used arms for balance and put foot down. Defendant admitted to the officer that he consumed approximately 4 drinks prior to driving.
3. Defendant was operating the motor vehicle in a public place in Hays County, Texas.
4. The officer arrested Defendant and properly provided the DWI Statutory Warning.
5. After being requested to submit a specimen of breath or blood, Defendant refused.

## CONCLUSIONS OF LAW

Based on the foregoing, the ALJ concludes the Department proved the issues set out in Texas Transportation Code § 524.035 or § 724.042 and that Defendant's license is subject to a suspension for 180 days, pursuant to Texas Transportation Code § 724.035.

In accordance with the above findings and conclusions, the ALJ hereby enters the following order:

## ORDER

The Department is authorized to suspend or deny Defendant's driving privileges for the period indicated above. This decision may be appealed pursuant to Texas Transportation Code § 524.041 and 1 Texas Administrative Code § 159.255.

**Signed May 11, 2015.**

*Holly Vandrovec*

HOLLY VANDROVEC
ADMINISTRATIVE LAW JUDGE
STATE OFFICE OF ADMINISTRATIVE HEARINGS

01